### HOPE v. EASTERN TRANSP. LINE.

[1 Wkly. Notes Cas. 394.]

Circuit Court, E. D. Pennsylvania. April 24, 1875.[1]

TOWAGE — CONTRIBUTORY NEGLIGENCE—ADMISSIBILITY OF DEPOSITIONS.

[1. Refusal of the owner of a barge towed by a tug to go on board his barge to aid in rescuing her after she had broken adrift, *held* to prevent a recovery for her loss, if such refusal contributed thereto, unless, indeed, his refusal was based upon a well-grounded fear of endangering his life.]

[See note at end of case.]

[2. Deposition excluded in a trial at Philadelphia, it appearing that the witness generally lived in his boat, but when on land stayed in Jersey City, less than 100 miles from the place of trial.]

Motion for a rule for new trial. This was an action of trespass on the case tried before McKENNAN, Circuit Judge, for damages resulting from the loss of plaintiff's barge by reason, as was alleged, of the carelessness and want of skill of the captain of defendant's tug-boat, which was towing the barge up Long Island Sound. The plaintiff proved, on trial, that defendant's tug was towing three barges, one of which was plaintiff's, all abreast, and that, owing to roughness of weather, the captain of the tug began to let the barges out so as to tow them one behind the other, and that this latter method was the safest in bad weather. While doing so plaintiff's barge became detached from the tug, by the breaking of a hawser, and plaintiff and his hawsman, the only two people on board their barge, jumped from it on to the tug without any orders to do so. On behalf of defendant, the captain of the tug testified that he ordered the plaintiff, [Patrick F.] Hope, to go with him in a yawl on board the barge, to try to save her, which plaintiff, under apprehension of danger, refused to do; that the captain himself then went with one of his crew and remained on plaintiff's barge, occupied in efforts to save her, fifteen minutes according to plaintiff's testimony, and forty-five minutes, according to his own. The boat sank, and the defendant's captain testified that he believed that if plaintiff and his hawsman had not left the boat the barge would not have been lost. The plaintiff in rebuttal said that he did not recollect having been ordered by the captain to board his barge with him. One of the defendant's points was that "it was the duty of the plaintiff and his hawsman to aid in managing and conducting his boat, and go on board of it when he was directed to do so by the captain of the tug; and if when he was directed to go on board of his own boat to assist in managing her, he refused to do so, and his failure to do so contributed in any degree to cause the loss, the plaintiff cannot recover in any case, even though the de-

[1] [Affirmed in 95 U. S. 297.]

fendant may not have used proper care and diligence." This point was affirmed with the following qualification: "If the plaintiff declined to obey an order of the master of the tug, and his refusal contributed to the loss he cannot recover. But if the jury is satisfied that at the time an order was given to him, he was justified in an apprehension that his life would be endangered by obeying it, he was not bound to incur that hazard, and his omission to obey it would not condone the defendant's negligence." Defendant offered to read the deposition of a witness taken under a commission to New York. This was objected to on the ground that search for him had not been proved and that his alleged residence was in Jersey City, within a hundred miles of Philadelphia. Defendant on voir dire proved by its counsel that his clerk had gone out with a list of witnesses, among whom was this one, and had returned and told the counsel, that this one was not in Jersey City, and could not be found, as he was away in his boat. He lived in his boat, but stayed in Jersey City when he was on land. Objection sustained. Exception. Verdict for plaintiff for $2125.30.

Sydney Biddle (George Biddle, with him), for motion, now moved for a rule nisi. The effect of the answer given to defendant's point was that even if the jury believed defendant's testimony, viz. that the loss would not have occurred but for plaintiff's negligence in leaving and refusing to return to his barge, yet if he had a reasonable ground to apprehend that his life was in danger he was relieved from the duty of obeying the orders given by the captain of the tug. This substitutes the judgment of one who, for certain purposes, is as one of the crew, for that of the captain. All discipline must necessarily be destroyed by such a construction of the law. The apprehension was shown to be baseless by plaintiff's own statement, for he admitted having been on board the tug at least fifteen minutes after the tug's captain was on board his barge, and before she went down. As to the exclusion of the deposition the burden of proof is on the party objecting. Ridgeway v. Ghequier [Case No. 11,813].

Coulston, for plaintiff, was not heard on this motion.

Motion refused, CADWALADER, District Judge, saying that he took no part in the decision, but considered the first point as exceedingly important.

[NOTE. From this decision and the charge of the court the case was carried by the defendant to the supreme court on writ of error. 95 U. S. 297. The judgment was affirmed in an opinion by Mr. Justice Hunt. It was held that while the transportation company did not occupy the position of a common carrier, and did not have that exclusive control of the barge which that relation would imply, yet the barge was under its care and management for the purpose of transportation, and subject to the judgment of its officers, and the question whether this judgment was carefully and skillfully exercised here was properly left to the jury. Where the barge was left under circumstances which involved imminent peril to the lives of those who remained on board of her, they were justified in abandoning her, and were not guilty of contributory negligence.]